1
2
3
4
5
6
7

GOLD BENNETT CERA & SIDENER LLP
SOLOMON B. CERA (99467)
THOMAS C. BRIGHT (169713)
595 Market Street, Suite 2300
San Francisco, California 94105
Telephone: (415) 777-2230
scera@gbcslaw.com
tbright@gbcslaw.com

Attorneys for the Perritt Micro Cap Opportunities Fund

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 GARY REDWEN, Individually and on 12 Behalf of All Others Similarly Situated, 13                           Plaintiff, 14      vs. 15 SINO CLEAN ENERGY, INC., 16 BAOWEN REN, WEN FU, ALBERT CHING-HWA PU, HON WAN CHAN, 17 WENJIE ZHANG, ZHIXIN JING, and 18 PENG ZHOU, 19                     Defendants. 20 | Case No. 11-cv-03936-PA (SSx) <u>CLASS ACTION</u> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE PERRITT MICRO CAP OPPORTUNITIES FUND FOR (I) APPOINTMENT AS LEAD PLAINTIFF; AND (II) APPROVAL <u>OF SELECTION OF LEAD COUNSEL</u> |

21
22
23

DATE:     August 1, 2011
TIME:     1:30 p.m.
CTRM:   15 – Spring St. Floor
JUDGE:   Percy Anderson

24
25
26
27
28

#124131

# TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT ................................................................ 1

II. STATEMENT OF FACTS ................................................................... 2

III. ARGUMENT ............................................................................. 4

    A.    The Perritt Fund Should Be Appointed Lead Plaintiff ........................ 4

        1.    The Legal Requirements Under The PSLRA ............................ 4

        2.    Notice of Pendency ........................................................ 6

        3.    The Perritt Fund Believes It Has The Largest Financial Interest In The Relief Sought By The Class ........................................... 6

        4.    The Perritt Fund Otherwise Satisfies The Requirements Of Rule 23 ................................................................... 8

    B.    The Court Should Approve the Perritt Fund's Selection Of Lead Counsel ................................................................... 10

IV. CONCLUSION ........................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Armour v. Network Assoc., Inc.*
    171 F.Supp.2d 1044 (N.D.Cal. 2001) ...................................................... 8

*Ferrari v. Gisch*
    225 F.R.D. 599 (C.D.Cal. 2004) ............................................................. 9

*Hanon v. Dataproducts Corp.*
    976 F.2d 497 (9th Cir. 1992) .................................................................. 8

*In re Cavanaugh*
    306 F.3d 726 (9th Cir. 2002) ............................................................. 5, 7

*In re McKesson HBOC, Inc. Sec. Litig.*
    97 F.Supp.2d 993 (N.D.Cal. 1999) ......................................................... 7

*In re Northern District of California, Dalkon Shield IUD Prods. Liab. Litig.*
    693 F.2d 847 (9th Cir. 1982) .................................................................. 9

*In re Olsten Corp. Sec. Litig.*
    3 F.Supp.2d 286 (E.D.N.Y. 1998) ........................................................... 7

*In re Peregrine Systems, Inc. Sec. Litig.*
    No. 02-CV-870-J (RBB), 2002 WL 32769239 (S.D.Cal. Oct. 11, 2002) ....... 6

*In re Rent-Way Sec. Litig.*
    305 F.Supp.2d 491 (W.D. Pa. 2003) ..................................................... 10

*Lax v. First Merchant's Acceptance Corp.*
    No. 97-C-2715, 1997 WL 461036 (N.D.Ill. Aug. 11, 1997) ........................ 7

*Ruland v. InfoSonics Corp.*
    No. 06-CV-1231 (BTM) (WMC), 2006 WL 3746716 (S.D.Cal. Oct. 23,
    2006) ................................................................................................ 7

*Tanne v. Autobytel, Inc.*
    226 F.R.D. 659 (C.D.Cal. 2005) .......................................................... 8, 9

*Wenderhold v. Cylink Corp.*
    188 F.R.D. 577 (N.D.Cal. 1999) ............................................................. 8

*Zucker v. Zoran Corp.*
    No. 06-4843 (WHA), 2006 WL 3591156 (N.D.Cal. Dec. 11, 2006) ............ 8

# TABLE OF AUTHORITIES

**Statutes, Rules and Regulations**

15 U.S.C. §78(j)(b) ......................................................................................... 1

15 U.S.C. §78(t) ............................................................................................... 1

15 U.S.C. §78u-4(a)(3) .................................................................................... 4

15 U.S.C. §78u-4(a)(3)(A)(i) ........................................................................... 4

15 U.S.C. §78u-4(a)(3)(B) ............................................................................... 1

15 U.S.C. §78u-4(a)(3)(B)(i) ....................................................................... 2, 4

15 U.S.C. §78u-4(a)(3)(B)(iii) .......................................................................... 6

15 U.S.C. §78u-4(a)(3)(B)(iii)(I) ................................................................. 2, 5

15 U.S.C. §78u-4(a)(3)(B)(iii)(II) ..................................................................... 5

15 U.S.C. §78u-4(a)(3)(B)(v) ......................................................................... 10

17 C.F.R. §240.10b-5 ....................................................................................... 1

Federal Rule of Civil Procedure

     Rule 23......................................................................................... 2, 5, 8, 9

Securities Exchange Act of 1934

     Section 10(b) ............................................................................................ 1

     Section 20(a)............................................................................................. 1

     Section 21D(a)(3)(B)................................................................................. 1

     Section 21D(a)(3)(B)(v) ......................................................................... 10

#124131

1    The Perritt Micro Cap Opportunities Fund ("Perritt Fund") respectfully
2 submits this memorandum in support of its motion for: (i) appointment as Lead
3 Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934
4 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the Private
5 Securities Litigation Reform Act of 1995 (the "PSLRA"),  and (ii) approval of its
6 selection of the law firm of Gold Bennett Cera & Sidener LLP as Lead Counsel for
7 the Class.

8 **I.     PRELIMINARY STATEMENT**

9    This case is a securities class action brought on behalf of persons and/or
10 entities who purchased or acquired the securities of Sino Clean Energy, Inc. ("Sino
11 Clean Energy") between April 6, 2009 and May 5, 2011, inclusive (the "Class
12 Period"), seeking to pursue remedies under the Exchange Act.[1]  The complaint
13 alleges violations of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C.
14 §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-
15 5), against Sino Clean Energy, and certain of its executive officers and directors.
16 This case was filed on May 6, 2011, by Mr. Gary Redwen, and notice of the
17 pendency of the action was published to investors on the same day, which provided
18 a deadline to seek Lead Plaintiff status by July 5, 2011.[2]

19
20
_____

21 [1]   The Perritt Fund also purchased or otherwise acquired the common stock of
22 Sino Clean Energy pursuant and/or traceable to the Company's Registration
   Statement and Prospectus issued in connection with the Company's secondary
23 public offering, on or about December 21, 2010, and is seeking to pursue remedies
24 under Section 11 of the Securities Act of 1933, as well as under the Exchange Act.

25 [2]   A copy of Mr. Redwen's notice is attached as Exhibit A to the Declaration of
26 Thomas C. Bright in Support Of The Motion Of The Perritt Micro Cap
   Opportunities Fund For (I) Appointment As Lead Plaintiff; And (II) Approval Of
27 Selection Of Lead Counsel (the "Bright Decl.").

28

#124131

-1-

Pursuant to the PSLRA, the Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. §78u-4(a)(3)(B)(i).  In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation and also makes a *prima facie* showing that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  For the reasons set forth below, the Perritt Fund believes it is the "most adequate plaintiff" by virtue of its substantial investment in Sino Clean Energy common stock.  Specifically, the Perritt Fund incurred losses totalling approximately $1,236,629.62 in connection with its purchases of Sino Clean Energy common stock during the Class Period.[3] The Perritt Fund further satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure as its claims are typical of the other Class members and it will fairly and adequately represent the Class.

Finally, the Perritt Fund fully understands a Lead Plaintiff's duties to the Class under the PSLRA, and is willing and able to undertake the responsibilities entailed in acting as Lead Plaintiff to ensure vigorous prosecution of this action. The Perritt Fund has selected Gold Bennett Cera & Sidener LLP, a law firm with substantial experience in prosecuting securities class actions, to serve as Lead Counsel for the Class.  Accordingly, the Perritt Fund respectfully requests that the Court appoint it as Lead Plaintiff and otherwise grant its motion.

## II.  <u>STATEMENT OF FACTS</u>

Sino Clean Energy purports to be a producer of clean coal heating and energy solutions for residential, commercial and industrial uses in China.  It purports to produce and distribute coal-water slurry fuel ("CWSF"), which is a liquid fuel that consists of fine coal particles suspended in water, mixed with

---

[3]   The PSLRA-required Certification of the Perritt Fund is attached as Exhibit B to the Bright Decl.

1    chemical additives, and is primarily used to fuel boilers and furnaces to generate

2    steam and heat for both residential and commercial heating and industrial

3    applications.

4         The complaint filed in this case generally alleges that throughout the Class

5    Period defendants made false and/or misleading statements by overstating the

6    Company's revenues and operations; *i.e.,* the defendants overstated revenues for

7    FY 2009 by a factor over 20, fabricated customers, and owned "ghost factories"

8    that had no operations and were used strictly for show.

9         On April 25, 2011, rumors began circulating that an investment report

10   produced after extensive due diligence, including unannounced on-site visits to

11   Sino Clean Energy, showed that the Company had far less production than what it

12   reported in its SEC filings.  On April 26, a version of this report was disseminated

13   to subscribers of the analyst firm Geoinvesting.

14        On April 28, analyst Alfred Little published another report on Sino Clean

15   Energy which included more detailed factual allegations and Chinese tax filings

16   allegedly showing that the Company had essentially no real operations.

17        When the Company's true financial condition was revealed, the Company's

18   stock price fell.  Between April 25 and April 28, the Company's stock price fell

19   from $4.39 per share to $2.47 per share, or more than 40%.

20        On May 3, 2011, Defendants replied to the Alfred Little report with a

21   detailed letter.  The letter invited shareholders to view security camera footage of

22   its factories in operation.  Upon the release of this letter, the Company's stock

23   price rose dramatically – but only temporarily.  The very next day, Alfred Little

24   showed that the footage provided by the Company was fabricated.  The footage

25   showed rain – but, during the period in which the Company claimed the footage

26   was shot, there had been no rain at those factories.  The Company's lies exposed,

27   its stock price fell again on May 5, 2011, to close at $2.59 on very heavy volume.

28        On May 16, 2011, Sino Clean Energy, Inc., received notification from Mr.

#124131

-3-

Joseph Levinson that effective immediately, he resigned from all positions held with the Company and its subsidiaries, including as a member of the Board of Directors (the "Board") of the Company.  At the time of his resignation, Mr. Levinson also served as Chairman of the Board's Audit Committee.

## III.  ARGUMENT

### A.  The Perritt Fund Should Be Appointed Lead Plaintiff

The Perritt Fund respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).

#### 1.  The Legal Requirements Under The PSLRA

The PSLRA, 15 U.S.C. §78u-4(a)(3), sets forth procedures for the appointment of a lead plaintiff to oversee class actions brought under the Exchange Act.  Within 20 days after the date on which a class action is filed under the PSLRA, *see* 15 U.S.C. §78u-4(a)(3)(A)(i), the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class: (i) of the pendency of the action, the claims asserted therein, and the purported class period; and (ii) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

Further, under 15 U.S.C. §78u-4(a)(3)(B)(i), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiffs filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff:

> (aa)  has either filed the complaint or made a motion in response to a notice. . . ;

#124131

1          (bb)   in the determination of the court, has the largest financial

2  interest in the relief sought by the class; and

3          (cc)   otherwise satisfies the requirements of Rule 23 of the Federal

4  Rules of Civil Procedure.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also In re*

5  *Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).  The presumption established

6  above may be rebutted "only upon proof by a member of the purported plaintiff

7  class that the presumptively most adequate plaintiff" either (i) "will not fairly and

8  adequately protect the interests of the class," or (ii) "is subject to unique defenses

9  that render such plaintiff incapable of adequately representing the class."  15

10  U.S.C. §78u-4(a)(3)(B)(iii)(II).

11       The Ninth Circuit Court has explained that the "Reform Act provides a

12  simple three-step process for identifying the lead plaintiff" pursuant to the criteria

13  set forth in the PSLRA.  *See In re Cavanaugh*, 306 F.3d at 729-30.  As *Cavanaugh*

14  instructed:

> 15  The first step consists of publicizing the pendency of the
> 16  action, the claims made and the purported class period.
> 17  In step two, the district court must consider the losses
> allegedly suffered by the various plaintiffs before
> 18  selecting as the "presumptively most adequate plaintiff"
> 19  – and hence the presumptive lead plaintiff – the one who
> "has the largest financial interest in the relief sought by
> 20  the class" and "otherwise satisfies the requirements of
> 21  Rule 23 of the Federal Rules of Civil Procedure."  In
> other words, the district court must compare the financial
> 22  stakes of the various plaintiffs and determine which one
> 23  has the most to gain from the lawsuit.  It must then focus
> its attention on *that* plaintiff and determine, based on the
> 24  information he has provided in his pleadings and
> 25  declarations, whether he satisfies the requirements of
> Rule 23(a), in particular those of "typicality" and
> 26  "adequacy."  If the plaintiff with the largest financial
> 27  stake in the controversy provides information that
> 28  satisfies these requirements, he becomes the

presumptively most adequate plaintiff.  If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23.  The third step of the process is to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements.

*Id.* (alteration in original) (internal citations and footnotes omitted).  *See also In re Peregrine Systems, Inc. Sec. Litig.*, No. 02-CV-870-J (RBB), 2002 WL 32769239, at *2-4 (S.D.Cal. Oct. 11, 2002).

### 2.      Notice of Pendency

Plaintiff in *Redwen v. Sino Clean Energy, Inc., et al.*, Case No. 2:11-cv-03936 PA (SSx), the first and only filed action, caused an initial notice to be published on *Business Wire* on May 6, 2011.  *See* Exhibit A to the Bright Decl.  The notice announced that a securities class action had been filed against the defendants herein, and advised purchasers of Sino Clean Energy securities that they had sixty days from May 6, 2011 to seek lead plaintiff status.  *See Id.*  The Perritt Fund has filed this motion before the expiration of the 60-day period from such publication.

In addition, and pursuant to the requirements of the PSLRA, the Perritt Fund has duly signed a certification stating that it is familiar with the factual and legal issues alleged and is willing to serve as a representative plaintiff on behalf of the Class.  *See* Bright Decl. Ex. B.

### 3.      The Perritt Fund Believes It Has The Largest Financial Interest In The Relief Sought By The Class

The Perritt Fund should be appointed Lead Plaintiff because it believes it has the largest financial interest in the relief sought by the Class.  15 U.S.C. §78u-4(a)(3)(B)(iii).  There is no prescribed method for determining which movant has

#124131

-6-

the largest financial interest.  The Ninth Circuit notes that "the court may select accounting methods that are both rational and consistently applied." *Cavanaugh*, 306 F.3d at 730 n. 4.  "Many courts apply the following four factors in making the financial interest determination: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs." *Ruland v. InfoSonics Corp.*, No. 06-CV-1231 (BTM) (WMC), 2006 WL 3746716, at *4 (S.D.Cal. Oct. 23, 2006) (citing *Lax v. First Merchant's Acceptance Corp.*, No. 97-C-2715, 1997 WL 461036, at *5 (N.D.Ill. Aug. 11, 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 296 (E.D.N.Y. 1998); and *In re McKesson HBOC, Inc. Sec. Litig.*, 97 F.Supp.2d 993 (N.D.Cal. 1999)).  In light of each of these factors, the Perritt Fund believes it has the largest financial interest in the outcome of this lawsuit.

As the Perritt Fund's Certificate of Plaintiff confirms, it purchased approximately 305,000 shares of Sino Clean Energy common stock on a gross basis during the Class Period.  See Bright Decl., Ex. B.

The Perritt Fund's only sale was 305,000 shares after May 5, 2011, the alleged end of the Class Period.  Therefore, The Perritt Fund's net purchases of common stock were also 305,000 shares.  In addition, the Perritt Fund has net expenditures of approximately $1,601,250 for Sino Clean Energy common stock prior to May 5, 2011.  As a result of the revelation of Sino Clean Energy's misconduct, the Perritt Fund suffered approximately $1,236,629.62 in losses.   The magnitude of the Perritt Fund's financial interest in this litigation can be summarized as follows:

| Factor | Perritt Fund's Position |
| --- | --- |
| Gross Purchases: | 305,000 shares |
| Net Purchases: | 305,000 shares |
| Net Expenditures: | $1,601,205.00 |
| Approximate Loss: | $1,236,629.62 |

Accordingly, the Perritt Fund believes that it has the largest financial interest of any qualified movant seeking appointment as Lead Plaintiff.

### 4.     The Perritt Fund Otherwise Satisfies The Requirements Of Rule 23

The Perritt Fund should be appointed Lead Plaintiff because it also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. On a motion to serve as Lead Plaintiff, the movant need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23. *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 666 (C.D.Cal. 2005) (citing *Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 587 (N.D.Cal. 1999) (stating that, at this stage of the litigation, nothing more than a preliminary showing is required)). The Perritt Fund unquestionably satisfies both requirements in this case.

The Perritt Fund's claims are typical of the claims of other Class members. "The 'typicality' requirement is satisfied when the named plaintiffs have (1) suffered the same injuries as class members; (2) as a result of the same course of conduct; and (3) their claims are based on the same legal issues." *Zucker v. Zoran Corp.*, No. 06-4843 (WHA), 2006 WL 3591156, at *3 (N.D.Cal. Dec. 11, 2006) (citing *Armour v. Network Assoc., Inc.*, 171 F.Supp.2d 1044, 1050 (N.D.Cal. 2001)); *see also Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). The Perritt Fund's claims in this action arise from the very same course of misconduct at Sino Clean Energy as the claims of the other Class members – *i.e.*, the artificial inflation of Sino Clean Energy stock caused by Defendants' fraudulent public disclosures. *See, e.g., Tanne v. Autobytel, Inc.*, 226 F.R.D. 659,

667 (C.D.Cal. 2005) (finding a Lead Plaintiff movant's claim to be typical where the movant like all class members, "(1) purchased or acquired Autobytel securities during the Class period, (2) at prices alleged to be artificially inflated by defendants' materially false and misleading statements and/or omissions, and (3) suffered damage as a result."); *see also Ferrari v. Gisch,* 225 F.R.D. 599, 606 (C.D.Cal. 2004).

The Perritt Fund likewise satisfies the adequacy requirement of Rule 23. "The Ninth Circuit has held that representation is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive." *Autobytel*, 226 F.R.D. at 667 (citing *In re Northern District of California, Dalkon Shield IUD Prods. Liab. Litig*., 693 F.2d 847, 855 (9th Cir. 1982)). The Perritt Fund satisfies each of these elements of the adequacy requirement.

The Perritt Fund will adequately represent the Class because its interests are perfectly aligned with those of the other Class members and are not antagonistic in any way. Indeed, the Perritt Fund seeks identical relief on identical claims based on identical legal theories. There are, furthermore, no facts suggesting that any actual or potential conflict of interest or other antagonism exists between the Perritt Fund and other Class members.

The Perritt Fund has also submitted a Certification affirming its understanding of the duties owed to Class members through its commitment to oversee the prosecution of this Class action. *See* Bright Decl., Ex. B. Through that Certification, the Perritt Fund accepts the fiduciary obligations it will assume if appointed Lead Plaintiff in this action.

Finally, the Perritt Fund has demonstrated its adequacy through the selection of Gold Bennett Cera & Sidener LLP as counsel to represent the Class. As discussed more fully below, Gold Bennett Cera & Sidener LLP is highly qualified

#124131

-9-

1  and experienced in the area of securities class action litigation and has repeatedly
2  demonstrated its ability to conduct complex securities class action litigation
3  effectively.

**B.     The Court Should Approve the Perritt Fund's Selection Of Lead Counsel**

6      The Court should approve the Perritt Fund's choice of the law firm of Gold
7  Bennett Cera & Sidener LLP to serve as Lead Counsel.  Pursuant to Section
8  21D(a)(3)(B)(v) of the Exchange Act, 15 U.S.C. §78u-4(a)(3)(B)(v), the Lead
9  Plaintiff is to select and retain Lead Counsel to represent the Class, subject to
10  Court approval.  The Perritt Fund has selected and retained the law firm of Gold
11  Bennett Cera & Sidener LLP.  The firm has a long history of prosecuting cases
12  such as this case.  These cases have resulted in recoveries in excess of $2 billion.
13  A copy of the firm's resume is attached to the Bright Decl. as Exhibit C.

14      Gold Bennett Cera & Sidener LLP has the requisite experience and
15  resources to obtain an excellent result for the Class.  Bright Decl., Ex. C.  Indeed,
16  the court in *In re Rent-Way Sec. Litig.*, 305 F.Supp.2d 491, 515 (W.D. Pa. 2003), a
17  securities fraud class action prosecuted by the firm, stated as follows:

> Having thus initially expressed our confidence in [Gold
> Bennett Cera & Sidener's] abilities, the Court has not
> since been disappointed.  On the contrary, [Gold Bennett
> Cera & Sidener] have shown themselves to be attorneys
> of the highest caliber, at all times prosecuting this action
> with a high degree of skill and professionalism.

23      Accordingly, the Court should approve the Perritt Fund's selection of Gold
24  Bennett Cera & Sidener LLP as Lead Counsel.

**IV.   CONCLUSION**

26      For the foregoing reasons, the Perritt Fund respectfully requests that the
27  Court: (i) appoint it as Lead Plaintiff pursuant to the PSLRA; (ii) approve its

28

#124131

-10-

selection of Gold Bennett Cera & Sidener LLP as Lead Counsel for the Class; and grant such other and further relief as the Court may deem just and proper.

Dated: July 5, 2011                    Respectfully submitted,

                                       GOLD BENNETT CERA & SIDENER LLP


                                       By: s/Thomas C. Bright
                                       Solomon B. Cera
                                       Thomas C. Bright
                                       595 Market Street, Suite 2300
                                       San Francisco, California 94105
                                       Tel: (415) 777-2230
                                       Fax: (415) 777-5189
                                       scera@gbcslaw.com
                                       tbright@gbcslaw.com

                                       Attorneys for The Perritt Micro Cap
                                       Opportunities Fund

#124131

-11-

1

## CERTIFICATE OF SERVICE

2          I hereby certify that on July 5, 2011, I electronically filed the foregoing with

3    the Clerk of the Court using the CM/ECF system which will send notification of

4    such filing to all counsel of record in this action.

5          I certify under penalty of perjury under the laws of the United States of

6    America that the foregoing is true and correct.  Executed on July 5, 2011.

7                                          s/Thomas C. Bright
                                           Thomas C. Bright
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28