Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| GARY REDWEN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> vs. <br><br> SINO CLEAN ENERGY INC., BAOWEN REN, WEN FU, ALBERT CHING-HWA PU, HON WAN CHAN,WENJIE ZHANG, ZHIXIN JING, AND PENG ZHOU, <br><br> Defendants. | No.  2:11-cv-03936 PA (SSx) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CARY FRANKEL AND STEPHEN ZIMMERMAN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL** <br><br> CLASS ACTION <br><br> JUDGE: Hon. Percy Anderson <br><br> Hearing Date: August 8, 2011 <br> Time: 1:30 p.m. <br> CTRM: 15- (Spring Street) |

0

## MEMORANDUM OF POINTS AND AUTHORITIES

Cary Frankel and Stephen Zimmerman, a group of two investors with a 15-year preexisting relationship[1], ("Movant") respectfully submit this memorandum in support of his motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) appointing Movant as Lead Plaintiff for all persons other than defendants who purchased the securities of Sino Clean Energy, Inc. (the "Company" or "SCEI") between April 6, 2009 and May 5, 2011, inclusive (the "Class Period"), to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(2) appointing the Rosen Law Firm, P.A. as Lead Counsel for the Class.

## I.      PERTINENT BACKGROUND

On May 6, 2011, The Rosen Law Firm, P.A. commenced this action against Defendants[2] for claims under Sections 10(b) and 20(a) of the Exchange Act.  On that same day, The Rosen Law Firm, P.A. issued a PSLRA early notice advising potential class members of, among other things, the claims alleged in this case and the 60 day deadline for class members to move this Court to be appointed as lead plaintiff.  A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration").

The complaint in the instant action ("Complaint") alleges that SCEI, a company headquartered in China, and certain of its corporate officers violated the

---

[1]  Messrs. Frankel and Zimmerman have been friends for the last fifteen years.
[2]  "Defendants" refers to, collectively: Sino Clean Energy Inc., Baowen Ren, Wen Fu, Albert Ching-Hwa Pu, Hon Wan Chan, Wenjie Zhang, Zhixin Jing, and Peng Zhou

1

Exchange Act in connection with the Company's issuance of materially false and misleading statements about the Company's business.

The Complaint alleges that SCEI misrepresented its financial performance, business prospects, and financial condition to investors, citing inconsistent Chinese regulatory filings.  The Complaint also alleges that SCEI improperly recognized revenue in violation of Generally Accepted Accounting Principles. Between April 25 and May 4, 2011, analyst Alfred Little issued a series of reports which substantiated on an earlier April 25, 2011 report disclosing defendants' alleged fraud, all of which caused the stock price to drop, damaging investors.

## ARGUMENT
## II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act.  15 U.S.C. § 78u-4(a)(3)(B).  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

### A. Movant Is Willing to Serve as Class Representative

Movant has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in his PSLRA certification, filed concurrently herewith, Frankel and Zimmerman attest that they have reviewed the complaint, adopt the allegations therein, and are willing to serve as a representative of the class. *See* Rosen Decl. Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group … that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest", the movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Zimmerman and Frankel suffered losses of $43,090.18 in connection with their purchase of SCEI common stock during the Class Period. *See* Rosen Decl., Ex. 3 (Movant's Loss Chart).

Movant is not aware of any other movant that has suffered greater losses in SCEI stock during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. The Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

3

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

    (1) the class is so numerous that joinder of all members is impracticable,

    (2) there are questions of law or fact common to the class,

    (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

    (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730)).

Movant fulfills all of the pertinent requirements of Rule 23. Frankel and Zimmerman share substantially similar questions of law and fact with the members of the class, and their claims are typical of the members of the class. Movant and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about SCEI and its business. Movant, as did all of the members of the class, purchased SCEI stock at

4

prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as Movant's desire to prosecute this action on behalf of the class, provides ample reason to appoint the Movant as Lead Plaintiff.

### D. The Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)  will not fairly and adequately protect the interest of the class; or
>
> (bb)  is subject to unique defenses that render such plaintiff incap-able of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the class has been discussed in Section C, above. Frankel and Zimmerman are not aware of any unique defenses that Defendants could raise against them that would render any of them inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

## III.  MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

5

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel.  The Rosen Law Firm, P.A. filed the first action and has been actively researching the class's and Movant's claims – reviewing publicly available financial and other documents and gathering information in support of the claims against the Defendants.  Furthermore, the Rosen Law Firm, P.A. is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in numerous courts throughout the nation.  The firm has prosecuted securities fraud class actions and other complex litigation and has obtained substantial recoveries on behalf of investors. The resume of the Rosen Law Firm, P.A. is attached as Exhibit 4 to the Rosen Declaration.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously.  Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## IV.   CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Cary Frankel and Stephen Zimmerman as Lead Plaintiff of the class; (2) approving The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: July 5, 2011                    Respectfully submitted,

                                       THE ROSEN LAW FIRM, P.A.

                                        /s/ Laurence Rosen, Esq.
                                       Laurence M. Rosen, Esq. (SBN 219683)
                                       THE ROSEN LAW FIRM, P.A.
                                       333 South Grand Avenue, 25th Floor

6

Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiff

7

**CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of the Rosen Law Firm, P.A., with offices at 333 South Grand Avenue, 25th Floor, Los Angeles, CA 90071.  I am over the age of eighteen.

On July 5, 2011, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CARY FRANKEL AND STEPHEN ZIMMERMAN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on July 5, 2011.


/s/ Laurence Rosen
Laurence M. Rosen

8