## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-3936 PA (SSx) | | Date | March 13, 2013 |
|---|---|---|---|---|
| Title | Gary Redwen, et al. v. Sino Clean Energy, Inc., et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**        IN CHAMBERS - COURT ORDER

Before the Court is an unopposed Motion for Preliminary Settlement Approval of Class Action ("Motion") filed by plaintiff Perritt Micro Cap Opportunities Fund ("Lead Plaintiff") (Docket No. 76). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for March 4, 2013, is vacated, and the matter taken off calendar.

## I.       FACTUAL & PROCEDURAL BACKGROUND

On May 6, 2011, this shareholder class action was filed, alleging violations of the federal securities laws by Defendants. On July 5, 2011, Perritt Micro Cap Opportunities Fund moved to be appointed lead plaintiff, and on August 8, 2011, the Court appointed Lead Plaintiff and approved its choice of counsel, Gold Bennett Cera & Sidener LLP, as Lead Counsel.

Lead Counsel conducted an investigation that included a review of Sino Clean Energy's filings with the United States Securities and Exchange Commission, analyst research reports, news articles and other public data, and legal analysis of the claims against Defendants and their potential defenses. On September 8, 2011, Lead Plaintiff filed the First Amended Class Action Complaint ("FAC") for violations of the federal securities laws. The FAC asserted claims on behalf of investors who acquired the common stock of Sino Clean Energy pursuant to the December 21, 2010 Registration Statement and Prospectus for the secondary offering of 5,465,000 shares of the Company offered at a price of $5.25 per share (the "Offering"). The FAC alleged that Defendants issued materially false and misleading statements regarding the business of Sino Clean Energy in that the revenues for Fiscal Year 2009 were overstated, several of the purported factories were in fact "ghost factories" with no business purpose, and Defendants identified the existence of certain customers which are not doing any business with Sino Clean Energy. The Offering was alleged to have contained material misstatements and omitted material information in violation of Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k. The FAC further alleged that the individual defendants controlled Sino Clean Energy at the time of the Offering.

On October 24, 2011, Sino Clean Energy moved to dismiss the claims asserted against it arguing, among other things, that Lead Plaintiff had failed to adequately meet Rule 9(b)'s heightened

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3936 PA (SSx) | Date | March 13, 2013 |
|---|---|---|---|

| Title | Gary Redwen, et al. v. Sino Clean Energy, Inc., et al. |
|---|---|

pleading standard with respect to the claim that the profit and revenue reports in the SEC filings were false.  On January 30, 2012, the Court granted the motions to dismiss, and Lead Plaintiff was granted leave to amend their Section 11 and Section 15 claims.

On March 5, 2012, Lead Plaintiff filed the Second Amended Class Action Complaint ("SAC") which added substantial factual detail in support of the claims asserted for violations of Sections 11 and 15 of the Securities Act.  On April 20, 2012 Sino Clean Energy again moved to dismiss the Section 11 and 15 claims and also moved to strike certain portions of the SAC.  On June 4, 2012, the Court denied the motion to dismiss and the motion to strike.  Thereafter, Sino Clean answered the SAC.  In light of the serious issues raised by the fact that Sino Clean Energy and the individual defendants are all residents of the People's Republic of China, with no assets in the United States, the parties agreed to participate in a mediation conducted by Jed D. Melnick on October 25, 2012.  The parties reached an agreement in principle to settle in late November 2012, and the Stipulation and Agreement of Settlement dated January 27, 2013 has been filed with this Court.

Now, the parties seek preliminary approval of a settlement agreement to settle all the claims in this action ("Settlement Agreement").  The parties also seek preliminary certification of a class for the purposes of settlement.

II.     ANALYSIS

        B.      **Preliminary Approval of the Class Settlement**

                1.      Class Certification for Settlement Purposes

The parties request that the Court preliminarily certify a settlement class under Federal Rule of Civil Procedure 23(b)(3).  Specifically, Lead Plaintiff seeks certification of the following settlement class:

> All persons or entities who acquired the common stock of Sino Clean
> pursuant to and/or traceable to the Registration Statement and Prospectus
> for the secondary offering of 5,465,000 shares of the Company offered at a
> price of $5.25 per share, and which became effective December 21, 2010
> (the "Offering"), and who were damaged thereby (the "Class").  Excluded
> from the Class are the following persons or entities: (I) Defendants; (ii) the
> parents, successors, subsidiaries, affiliates and assigns of Sino Clean; (iii)
> members of the Immediate Family of each of the Individual Defendants;
> (iv) any person who was an officer or director of Sino Clean, at the time of
> the Offering; and (v) any underwriter, or affiliate of an underwriter, who
> offered, sold, or purchased Sino Clean common stock in the Offering; (vi)
> any firm, trust, corporation, or other entity in which any of the Defendants
> has a controlling interest or had a controlling interest at the time of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3936 PA (SSx) | | Date | March 13, 2013 |
|---|---|---|---|---|
| Title | Gary Redwen, et al. v. Sino Clean Energy, Inc., et al. | | | |

Offering. Also excluded from the Class are any persons or entities who exclude themselves by filing a timely request for exclusion in accordance with the requirements set forth in the Notice to be sent to Class Members pursuant to this Order.

To obtain class certification, Lead Plaintiff must demonstrate that it has met the four requirements of Rule 23(a) and the two requirements of Rule 23(b)(3). See Dukes v. Wal-Mart Stores, Inc., 603 F.3d 571, 580 (9th Cir. 2010), rev'd on other ground 131 S. Ct. 795, 178 L. Ed. 2d 530 (2010); Zinser v. Accufix Research Institute, Inc., 253 F.3d 1180, 1186 (9th Cir. 2001). Federal Rule of Civil Procedure 23(a) requires Lead Plaintiff to demonstrate that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). In addition, Federal Rule of Civil Procedure 23(b)(3) requires the Court to find that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3). "Rule 23 'provides district courts with broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court.'" Armstrong v. Davis, 275 F.3d 849, 871 n.28 (9th Cir. 2001) (citation omitted).

Where, as here, the parties have reached a settlement agreement prior to class certification, "the court 'must pay undiluted, even heightened, attention to class certification requirements' because, unlike in a fully litigated class action suit, the court will not have future opportunities 'to adjust the class, informed by the proceedings as they unfold.'" Alberto v. GMRI, Inc., 252 F.R.D. 652, 658 (E.D. Cal. 2008) (quoting Amchem Prods. Inc. v. Windsor, 521 U.S. 591, 620, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997)). "The parties cannot 'agree to certify a class that clearly leaves any one requirement unfulfilled,' and consequently the court cannot blindly rely on the fact that the parties have stipulated that a class exists for purposes of settlement." Id. (quoting Berry v. Baca, 2005 WL 1030248, at *7 (C.D. Cal. May 2, 2005)); see also Amchem, 521 U.S. at 622 (observing that nowhere does Rule 23 say that class certification is proper simply because the settlement appears fair). Nonetheless, the Court is mindful that "'the law in the Ninth Circuit is very well established that the requirements of Rule 23 should be liberally construed in favor of class action cases brought under the federal securities laws.'" In re THQ, Inc. Secs. Litig., 2002 U.S. Dist. LEXIS 7753, at *8-9 (C.D. Cal. Mar. 22, 2002) (citations omitted).

### a.     Rule 23(a) Requirements

Rule 23(a) establishes four prerequisites for class action litigation: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Fed. R. Civ. P. 23(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3936 PA (SSx) | | Date | March 13, 2013 |
|---|---|---|---|---|
| Title | Gary Redwen, et al. v. Sino Clean Energy, Inc., et al. | | | |

I.      Numerosity

The numerosity prerequisite is met if "the class is so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  To establish that joinder of all members is "impracticable," the plaintiff need not show that it would be "impossible" to join every class member.  Haley v. Medtronic, Inc., 169 F.R.D. 643, 647 (C.D. Cal. 1996).  There is no specific number requirement, as the court may examine the specific facts of each case.  Ballard v. Equifax Check Servs., Inc., 186 F.R.D. 589, 594 (E.D. Cal. 1999).

Here, the Settlement Class is comprised of purchasers of Sino Clean Energy common stock on a public offering.  Lead Plaintiff states that there were approximately 5 million shares sold on the Offering, and although the precise number of Settlement Class members cannot be identified with specificity at this time, it is likely to be at least in the hundreds.  Given the number of class members likely involved, the Court finds that the numerosity requirement is met.

ii.      Commonality

The commonality requirement is met if "there are questions of law or fact common to the class."  Fed.  R.  Civ.  P.  23(a)(2).  The commonality requirement is construed "permissively."  Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998).  All questions of fact and law need not be common; rather, "[t]he existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class."  Id.  "[F]or the commonality requirement to be met, there must only be one single issue common to the proposed class."  Haley, 169 F.R.D. at 648.

Here, Lead Plaintiff lists four issues common to the class: (1) whether Defendants engaged in acts or conduct in violation of the securities laws; (2) whether the Offering misrepresented the financial results of Sino Clean Energy; (3) whether the Offering price of the securities was artificially inflated because of Defendants' conduct; and (4) whether the members of the Class sustained damages as a result of Defendants' alleged misconduct and, if so, the proper measure of damages.  Given that these legal issues are shared by the putative class members and are based on a common core of salient facts, the commonality requirement is met.

iii.      Typicality

Typicality requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class."  Fed.  R.  Civ.  P.  23(a)(3).  Representative claims are "typical" if they are "reasonably co-extensive with those of absent class members"; they "need not be substantially identical."  Hanlon, 150 F.3d at 1020.  However, class representatives "must be able to pursue [their] claims under the same legal or remedial theories as the unrepresented class members."  In re Paxil Litigation, 212 F.R.D. 539, 549 (C.D. Cal. 2003).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3936 PA (SSx) | | Date | March 13, 2013 |
|---|---|---|---|---|
| Title | Gary Redwen, et al. v. Sino Clean Energy, Inc., et al. | | | |

In the present case, the injuries to Lead Plaintiff and the other members of the Settlement Class are attributable to the same alleged course of conduct by Defendants, and liability for this conduct is predicated on the same legal theories. Lead Plaintiff alleges that it, like the rest of the class, paid artificially-inflated prices for Sino Clean Energy common stock acquired pursuant to and/or traceable to the Offering. Lead Plaintiff's claims and the claims of Settlement Class are based on the same legal theories and would be proven by the same evidence. Accordingly, the typicality requirement is met.

### iv.    Adequacy of representation

Rule 23(a) also requires that the representative parties be able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Representation is adequate if the plaintiffs: (1) "do not have conflicts of interest with the proposed class" and (2) are "represented by qualified and competent counsel." Dukes v. Wal-Mart, Inc., 509 F.3d 1168, 1185 (9th Cir. 2007). At the heart of this requirement is the "concern over settlement allocation decisions." Hanlon, 150 F.3d at 1020.

Here, Lead Plaintiff is a sophisticated institutional investor with a substantial financial stake in the litigation, and there does not appear to be any conflict of interest between Lead Plaintiff and the proposed Settlement Class. Additionally, Lead Counsel has extensive experience and expertise in complex securities litigation and class action proceedings. Lead Counsel appears well qualified and able to conduct this litigation. Also, the settlement allocation is reasonable because the proposed distribution provides formulas for calculating the recognized claim of each class member, based on each person's purchases and sales of Sino Clean Energy securities on the open market during the class period and when they sold. Thus, Plaintiff has satisfied the prerequisites of Rule 23(a).

### b.    Rule 23(b)(3) Requirements

Rule 23(b)(3) requires the Court to find that: (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

The predominance inquiry tests "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Hanlon, 150 F.3d at 1022. This analysis requires more than proof of common issues of law or fact. Id. Rather, the common questions must "present a significant aspect of the case [that] they can be resolved for all members of the class in a single adjudication." Id.

The superiority inquiry requires determination of "whether objectives of the particular class action procedure will be achieved in the particular case." Hanlon, 150 F.3d at 1023. Notably, the class-action method is considered to be superior if "classwide litigation of common issues will reduce litigation costs and promote greater efficiency." Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234 (9th Cir. 1996) (citation omitted).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-3936 PA (SSx) | | Date | March 13, 2013 |
|---|---|---|---|---|
| Title | Gary Redwen, et al. v. Sino Clean Energy, Inc., et al. | | | |

Here, the substantial issues which are essential to the claims of all class members, such as whether the challenged statements in the Offering documents are untrue or misleading, are common to the class.  Given the identical claims shared by the members of the Settlement Class and the potential problems with enforcing a judgment in the People's Republic of China, a class action is superior to individual litigation for adjudicating the controversy. See Epstein v. MCA, Inc., 50 F.3d 644, 668 (9th Cir. 1995) (finding securities fraud claims based on misstatements leading to identical claims by numerous shareholders fit Rule 23 requirements "like a glove"), rev'd on other grounds Matsushita Elec. Indus. Co., Ltd. v. Epstein, 516 U.S. 367, 134 L. Ed. 2d 6, 116 S. Ct. 873 (1996); Hanlon, 150 F.3d at 1023 (finding a class action superior because, "[e]ven if efficacious, these claims would not only unnecessarily burden the judiciary, but would prove uneconomic for potential plaintiffs").  Indeed, courts have consistently embraced the class action device as a superior method of adjudicating federal securities fraud claims. See Basic v. Levinson, 485 U.S. 224, 250, 108 S. Ct. 978, 99 L. Ed. 2d 194 (1998); Blackie v. Barrack, 524 F.2d 891, 903 (9th Cir. 1975).

Accordingly, common questions of law and fact predominate over individual ones, and a class action constitutes a superior method of adjudication.  Plaintiff has thus satisfied the requirements of Rule 23(b)(3).

### 2.      Fairness of the Proposed Class Settlement

Rule 23(e) requires a district court to determine whether a proposed class action settlement is "fundamentally fair, adequate, and reasonable."  Staton v. Boeing Co., 327 F.3d 938, 959 (9th Cir. 2003).  To make this determination, the court must consider a number of factors, including: (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. See id.  Also, the settlement may not be the product of collusion among the negotiating parties.  In re Mego Fin. Corp. Sec. Litig., 213 F.3d 454, 458 (9th Cir. 2000).

At the preliminary approval stage, some of these factors cannot be fully assessed.  Accordingly, a full fairness analysis is unnecessary.  See Alberto v. GMRI, Inc., 252 F.R.D. 652, 665 (E.D. Cal. 2008); Reade-Alvarez v. Eltman, Eltman & Cooper, P.C., 237 F.R.D. 26, 34 (E.D.N.Y. May 2006).  Rather, the court need only review the parties' proposed settlement to determine whether it is within the permissible "range of possible judicial approval" and thus, whether the notice to the class and the scheduling of the formal fairness hearing is appropriate.  Wright v. Linkus Enters., 259 F.R.D. 468, 472 (E.D. Cal.  2009).  "[T]he court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned."  Hanlon v. Chrysler Corp., 150 F.3d at 1027.  The Ninth Circuit has declared that a strong

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3936 PA (SSx) | | Date | March 13, 2013 |
|---|---|---|---|---|
| Title | Gary Redwen, et al. v. Sino Clean Energy, Inc., et al. | | | |

judicial policy favors settlement of class actions.  <u>Class Plaintiffs v. City of Seattle</u>, 955 F.2d 1268, 1276 (9th Cir. 1992).

Here, the Court concludes that the proposed Settlement Agreement submitted by the parties is within the "range of possible judicial approval."

> a.  The strength of Plaintiff's case and the risk, expense, complexity, and likely duration of further litigation

Lead Plaintiff's counsel states that any further litigation of this action would be time-consuming, complex, and involve substantial risks to the class members.  Various issues would require extensive discovery and motion and trial practice, including proof of material misrepresentations, scienter and loss causation.  Courts experienced with securities fraud litigation "'routinely recognize that securities class actions present hurdles to proving liability that are difficult for plaintiffs to clear.'"  <u>In re Flag Telecom Holdings</u>, 2010 U.S. Dist. LEXIS 119702, at *48 (S.D.N.Y. Nov. 5, 2010) (discussing also the inherent difficulty of proving loss causation and damages) (quoting <u>In re Top Tankers, Inc., Sec. Litig.</u>, 2008 U.S. Dist. LEXIS 58106, at *4 (S.D.N.Y. July 31, 2008).

In addition, Lead Plaintiff faced extraordinary discovery costs because all of the Defendants are in the People's Republic of China, and most of the documents are in Chinese.  Continued litigation would delay payment to the class members and increase the amount of attorneys' fees.  Lead Plaintiff states that there are limited insurance funds available, Sino Clean Energy has no assets in the United States, and the company is facing a liquidity crisis.  Finally, Lead Plaintiff would face significant obstacles in enforcing any judgment against the Defendants' assets in China, and thus the proposed Settlement alleviates the risk that class members could receive nothing.

> b.  The amount offered in the Settlement Agreement

Lead Plaintiff's counsel believes that Settlement Agreement is a substantially beneficial result for the class members.  Pursuant to the Settlement Agreement, a total of $2 million will constitute the settlement fund.  From this amount will be paid notice and claims administration costs, any authorized attorneys' fees and litigation expenses, taxes, and any other fees and expenses authorized by the Court.  Assuming that the Court authorizes attorneys' fees of 25% of the total settlement amount, and considering that $100,000 is to be set aside for providing notice to class members and administration of their claims, the net settlement amount might be $1.4 million.  The Settlement Agreement guarantees class members a recovery.  In light of the inherent risks of class action securities litigation, and considering the limited insurance funds available and the difficulty of enforcing a judgment in the People's Republic of China, the Court finds that this settlement amount is well within the range of possible approval. <u>See, e.g.</u>, <u>Goldstein v. Tongxin International, Ltd.</u>, No. 11-CV-348 (C.D. Cal.) ($3 million settlement, entirely paid by insurers); <u>Murdeshwar v. SearchMedia Holdings, Ltd.</u>, No. 11-CV-20549 (S.D. Fla.) ($2.75 million settlement, all paid by insurers).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3936 PA (SSx) | Date | March 13, 2013 |
|---|---|---|---|

| Title | Gary Redwen, et al. v. Sino Clean Energy, Inc., et al. |
|---|---|

c.      The extent of discovery completed and the stage of the proceedings

Lead Plaintiff and their counsel have conducted a thorough investigation of the claims asserted in the action.  Lead Plaintiff's counsel indicate that they have reviewed Sino Clean Energy's filings with the Securities and Exchange Commission, analyst research reports, news articles, and other public data. The parties further explored their relative legal and factual positions through the exchange of mediation statements and presentations.

The Settlement Agreement was reached only after Defendants filed multiple motions to dismiss, after some discovery, and after protracted negotiations through a neutral mediator.  It thus appears that the parties have spent a significant amount of time considering the issues and facts in this case and are in a position to determine whether settlement is a viable alternative.

d.      The experience and views of counsel

The Court finds that Lead Plaintiff's counsel has had sufficient experience with securities class action litigation to appropriately assess the legal and factual issues in this matter and determine whether the proposed Settlement Agreement serves the interests of the class members.  Given that Lead Plaintiff's counsel believes the proposed Settlement Agreement is both fair and adequate, this also weighs in favor of preliminary approval.

e.      Collusion between the parties

To determine whether there has been any collusion between the parties, courts must evaluate whether "fees and relief provisions clearly suggest the possibility that class interests gave way to self interests," thereby raising the possibility that the settlement agreement is the result of overt misconduct by the negotiators or improper incentives for certain class members at the expense of others.  Staton, 327 F.3d at 961.

Here, there is no evidence of overt misconduct.  On the contrary, it appears that the proposed Settlement Agreement was the product of informed, arms-length negotiations between the parties.  The Settlement Agreement is the result of significant negotiations between the parties, including mediation before a neutral mediator, and was finalized only after some motion practice had occurred.  Moreover, Lead Plaintiff is to receive no preferential treatment in the processing, calculation or reimbursement of their claims.  Based on the information presently available to it, the Court finds that the Settlement Agreement is the product of non-collusive negotiations.

In light of the risks of further litigation, the Court provisionally finds that the Settlement Agreement is fair, reasonable, and adequate.  Thus, preliminary approval of the proposed Settlement Agreement is granted.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-3936 PA (SSx) | Date | March 13, 2013 |
|---|---|---|---|

| Title | Gary Redwen, et al. v. Sino Clean Energy, Inc., et al. |
|---|---|

### C.     Notice to the Class

Under Federal Rule of Civil Procedure 23(e), this Court must "direct notice in a reasonable manner to all class members who would be bound by the proposal." Such notice is satisfactory if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." Rodriguez v. West Publ'g Corp., 563 F.3d 948, 962 (9th Cir. 2009).

Here, the proposed notice plan submitted is reasonably calculated to reach the members of the class. A claims administrator, Gilardi & Co. LLC, will mail the Notice and Proof of Claim ("Notice") to all reasonably identifiable class members. A Summary Notice will be published in the print edition of *The Investors' Business Daily*. The Notice will also be readily available on the website of the claims administrator. The proposed Notice describes the essential terms of the proposed Settlement Agreement, defines the class, sets forth the procedure for opting out of the class or filing objections to the proposed Settlement Agreement, and provides information on the date, time and place of the fairness hearing. The Notice also provides the proposed plan of allocation, specifics on the motion for attorneys' fees and reimbursement of litigation expenses, and instructions for submitting a claim form.

The Court approves Gilardi & Co. LLC to act as claims administrator for settlement purposes only. Members of the Settlement Class will have until June 7, 2013 to postmark their claim forms, requests for exclusion, or objections. Notices are to be mailed within 21 days from the entry of this Order, and publication of the Summary Notice is to occur 35 days after the entry of this Order.

The Court finds that these notice methods are reasonably calculated to afford the class members an opportunity to present their objections. As such, the parties are ordered to issue settlement notices to the class pursuant to the proposed notice plan and substantially in the form of the notice and claim form submitted for the Court's approval as Exhibits A-1 and A-2, respectively, of the Stipulation and Agreement of Settlement.

### Conclusion

The Motion for Preliminary Settlement Approval of Class Action is granted. The fairness hearing for final approval of the proposed Settlement Agreement is set for July 1, 2013 at 1:30 p.m. in this Court. A motion for final approval of the Settlement Agreement, as well as any motion for attorney's fees and costs, shall be filed on or before June 3, 2013.

IT IS SO ORDERED.

---